17-0625-cv
16 Casa Duse, LLC v. Alex Merkin

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of October, two thousand eighteen.

Present:        ROBERT A. KATZMANN,
                            *Chief Judge,*
                    AMALYA L. KEARSE,
                    ROSEMARY S. POOLER,
                            *Circuit Judges*.

_____

16 CASA DUSE, LLC,

   *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                                     No. 17-0625-cv

ALEX MERKIN,

   *Defendant-Counter-Claimant-Counter-Defendant-Appellee*,

MAURICE A. REICHMAN, ESQ.,

   *Appellee*.[1]

_____

---

[1] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellant:        Eleanor M. Lackman, Cowan, DeBaets, Abrahams & Sheppard
                                LLP, New York, N.Y.

Appearing for Appellees:        Maurice A. Reichman, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

        16 Casa Duse, LLC appeals from the Feb 17, 2017 order of the United States District Court for the Southern District of New York (Sullivan, *J.*) vacating an award of attorneys' fees and sanctions. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

        In the underlying litigation, Casa Duse asserted three copyright claims, as well as state law claims for conversion, breach of contract and tortious interference with business relations. In an opinion dated September 27, 2013 ("*Case Duse I*"), the district court granted summary judgment to Casa Duse on all claims. The district court also concluded that Casa Duse was entitled to an award of attorneys' fees under both 28 U.S.C. § 1927 and Section 505 of the Copyright Act. The district court compiled a "non-exhaustive catalog of . . . colorless claims" that supported a fee award pursuant to Section 1927, including the fact that "to argue that Merkin did not breach the Media Agreement, Reichman ha[d] grossly mischaracterized that agreement's terms." App'x at 882. The district court ultimately awarded Casa Duse $175,634 in fees related to the copyright claims against Merkin and Reichman, as well as $9,945.65 in fees related to the non-copyright claims against Reichman alone.

        In the initial appeal, this Court reversed the district court's grant of summary judgment on the tortious interference claim, and we recognized that some of our conclusions in the context of that holding—namely, that Merkin's copyright claims were not objectively unreasonable, nor advanced in bad faith—could bear on the fee determination under the Copyright Act and Section 1927. *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 262-64 (2d Cir. 2015) ("*Casa Duse II*"). In remanding the action, we stated that the district court "may reconsider its grant of costs and fees and its imposition of sanctions in light of our reversal of the tortious interference judgment." *Id.* at 264. Referring to the parties' arguments about the propriety of awarding fees, such as whether the relevant factors weighed in favor of granting fees under the Copyright Act or whether sanctions against Reichman were appropriate, we noted that "[t]he district court may consider these contentions on remand if and when it is required to calculate costs and fees with respect to the copyright claims only, without reference to the tortious interference claim, which we conclude is without merit." *Id.* The decretal language specified that the case was "REMAND[ED] to the district court with instructions to enter summary judgment in favor of Merkin on that claim, based thereon to reexamine its award of costs and attorney's fees, and for such other proceedings as are warranted." *Id.* at 264-65.

On remand, in a decision dated March 16, 2016 ("*Casa Duse III*"), the district court denied Casa Duse's renewed motion for fees. It concluded that fees under the Copyright Act were not warranted given this Court's conclusions in *Casa Duse II*. As to sanctions pursuant to Section 1927, the district court "note[d] that, in light of the Circuit's opinion, any award of attorneys' fees and costs imposed as a sanction pursuant to § 1927 must be based on Reichman's conduct in connection with the 'copyright claims only.'" Supp. App'x at 185 (quoting *Casa Duse II*, 791 F.3d at 264). "Therefore," the district court concluded, "for the same reasons that the Court found a fee award for the copyright claims not warranted under § 505, the Court reaches the same conclusion with respect to Plaintiff's fee request pursuant to § 1927." *Id.*

While it is understandable, given the language in *Casa Duse II*, that the district court considered itself limited to imposing sanctions under Section 1927 for the "copyright claims only," *Casa Duse II*, 791 F.3d at 264, we conclude that our prior decision did not entail such a constraint on the district court's ability to award fees. As we understand the relevant passage of *Casa Duse II*, this Court was acknowledging that the legal conclusions we reached in holding that Casa Duse's tortious interference claim failed as a matter of law required the district court to reconsider the award of fees under the Copyright Act, as well as any fees awarded under Section 1927 based on the tortious interference claim. *See id.* This Court's statement that a re-calculation of fees on remand would be "with respect to the copyright claims only, without reference to the tortious interference claim," merely underscored that when the district court undertook the necessary reconsideration, it could not award fees based on the tortious interference claim, because the grant of summary judgment on that claim had been reversed. *Id.* It was not meant to preclude, and did not preclude, the award of sanctions based on improper actions taken by Reichman regarding the remaining common-law claims on which Casa Duse prevailed. Indeed, there was no appeal taken from the grant of summary judgment in Casa Duse's favor on the remaining common law claims. *See id.* at 253 ("Casa Duse . . . asserted claims for breach of contract, tortious interference with business relations, and conversion."); *id.* at 261 ("Merkin does not challenge the district court's grant of summary judgment to Casa Duse on two of its three state law claims."). Our reading is further supported by the decretal language in *Casa Duse II*, which did not suggest that a fee award on remand would be limited to copyright claims only, but rather instructed the district court to "reexamine its award of costs and attorney's fees" in light of the reversal of the grant of summary judgment on the tortious interference claim. *Id.* at 265. Thus, the district court's conclusion that it had discretion to award sanctions "in connection with the copyright claims only" was in error. Supp. App'x at 185 (citation omitted). We therefore vacate the district court's order denying Casa Duse's renewed motion for fees and remand for further proceedings.

In light of that disposition, we need not now consider whether the district court abused its discretion when it declined to award fees under the Copyright Act on the basis of compensation and deterrence alone, as the district court will be able to reconsider Casa Duse's motion for fees under the Copyright Act on remand. We note, though, that the Supreme Court has approved of a fee award under Section 505 based primarily on considerations of compensation and deterrence, even where a litigation position was not objectively unreasonable. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016) ("[A] court may [order fee-shifting] to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case.") (citing *Bridgeport Music, Inc. v. WB*

3

*Music Corp.*, 520 F.3d 588, 593-95 (6th Cir. 2008)). In our view, under the unique circumstances of this case, a fee award in some amount may well be warranted based on those considerations.

Accordingly, the order of the district court hereby is VACATED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk